Houston Cas. Co. v Cavan Corp. of NY, Inc. (2018 NY Slip Op 01153)





Houston Cas. Co. v Cavan Corp. of NY, Inc.


2018 NY Slip Op 01153


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Acosta, P.J., Friedman, Webber, Oing, Moulton, JJ.


651981/14 4719 595609/14 4718

[*1]Houston Casualty Company, Plaintiff-Respondent-Appellant,
v
Cavan Corporation of NY, Inc., et al., Defendants-Appellants-Respondents.
Cavan Corporation of NY, Inc., Third-Party Plaintiff-Appellant-Respondent,
v
The Ducey Agency, Inc., Third-Party Defendant-Appellant-Respondent.


Wilkofsky, Friedman, Karel & Cummins, New York (Mark L. Friedman of counsel), for Cavan Corporation of NY, Inc., appellant-respondent.
Ahmuty, Demers, & McManus, Albertson (William J. Mitchell of counsel), for New Puck, LLC, Puck Residential Associates, LLC and Kushner Companies, LLC, appellants-respondents.
Keidel, Weldon & Cunningham, LLP, White Plains (Howard S. Kronberg of counsel), for the Ducey Agency, Inc., appellant-respondent.
DLA Piper LLP (US), New York (Aidan M. McCormack of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about August 12, 2016, which, to the extent appealed from as limited by the briefs, denied the motion by third-party defendant the Ducey Agency, Inc. (Ducey) and the cross motion by defendant Cavan Corporation of New York, Inc. (Cavan) for summary judgment declaring that plaintiff has a duty to defend Cavan in an underlying personal injury action, and denied plaintiff's cross motion for summary judgment declaring that it has no such duty to defend Cavan, unanimously modified, on the law, to grant plaintiff's cross motion and to declare that plaintiff has no duty to defend Cavan in the underlying personal injury action, and otherwise affirmed, without costs.
In July 2012, Cavan entered into a "Construction Management Agreement" (CMA) with the other defendants in this action (the owners), under which Cavan agreed to function as "construction manager" for a building project on Lafayette Street in Manhattan. The CMA provides that Cavan is to receive compensation in the form of a fixed fee of $600,000, in addition to a payment of $1,700,000 as reimbursement "for all reasonable and customary staffing and overhead costs incurred by [Cavan] in the performance of its duties hereunder." In October 2013, the principal of the project's sidewalk restoration contractor was injured in the course of the work and subsequently commenced the underlying personal injury action against Cavan, the owners and another entity. The complaint in the underlying action alleges that Cavan had been engaged as "the general contractor and/or construction manager" for the project.
At issue in the present declaratory judgment action is whether plaintiff, an insurer, is obligated to defend Cavan in the underlying personal injury action pursuant to a commercial general liability insurance policy issued to Cavan that was in effect at the time of the accident. [*2]While the policy generally provides coverage for "bodily injury" arising out of Cavan's work, it contains an endorsement entitled "Exclusion — Construction Management for a Fee," providing that the insurance does not apply to losses "arising out of construction management,' regardless of whether such operations are conducted by you or on your behalf." The endorsement defines "construction management" to mean "the planning, coordinating, supervising or controlling of construction activities while being compensated on a fee basis by an owner or developer" (emphasis added).[FN1]
In this action, plaintiff seeks a declaration that it is not obligated to defend Cavan in the underlying personal injury action, or to defend any additional insured under Cavan's policy, on the ground, inter alia, that Cavan's operations as a "construction manager" under the CMA were within the policy's exclusions for construction management operations. In addition, plaintiff seeks to recover the amounts it has expended to date in defending Cavan in the underlying action under a reservation of rights. Cavan has brought a third-party action against Ducey, its insurance broker, for negligence in procuring the policy.
The order appealed from arose from Ducey's motion and Cavan's cross motion for summary judgment declaring that plaintiff is obligated to defend Cavan in the underlying action, and from plaintiff's cross motion for summary judgment declaring that it has no such obligation, based on the construction management exclusion and Cavan's alleged failure to comply with the policy's notice conditions to coverage. As relevant to this appeal, Supreme Court denied summary judgment to all parties, finding that there were triable issues as to whether Cavan was functioning as a construction manager so as to fall within the exclusions and as to whether Cavan gave plaintiff timely notice of the underlying claim. In addition, the court stated that Ducey, the third-party defendant, had no standing to move for summary judgment against plaintiff because no direct claim was pending between plaintiff and Ducey. Each party has appealed from this order to the extent aggrieved thereby.
We find that plaintiff is entitled to summary judgment declaring that the policy does not afford Cavan coverage in the underlying action pursuant to the exclusion for construction management, which, as previously noted, defines "construction management" to mean "the planning, coordinating, supervising or controlling of construction activities while being compensated on a fee basis" (emphasis added). Even though the complaint in the underlying action alleges that Cavan may have been acting as general contractor for the project, and notwithstanding that it may ultimately be determined in that action that Cavan was actually functioning as the project's general contractor for purposes of the claim under Labor Law § 240(1) (see Walls v Turner Constr. Co., 4 NY3d 861 [2005]), the policy, in defining the term "construction management," excluded from coverage operations for which Cavan was "being compensated on a fee basis." Under the CMA, Cavan was compensated for its work on this project by a flat fee of $600,000, plus reimbursement in a prescribed amount for overhead and staffing expenses, rather than by progress payments covering the cost of the work done by the trade contractors plus an additional increment to provide Cavan with a profit. Accordingly, whether or not Cavan was acting as a general contractor, the CMA establishes that it was "being compensated on a fee basis," not a cost-of-work-plus-profit basis, and this suffices to bring its operations within the scope of the exclusion for "Construction Management for a Fee." In view of this determination, we need not consider whether summary judgment was warranted on the issue of notice.[FN2]
Finally, contrary to the view expressed by Supreme Court, Ducey, as a third-party defendant, was entitled to move for summary judgment disposing of plaintiff's claim against Cavan, the third-party plaintiff, and to assert counterclaims against plaintiff (see CPLR 1008 [with the exception of personal jurisdictional defenses, "(t)he third-party defendant may assert against the plaintiff in his or her answer any defenses which the third-party plaintiff has to the plaintiff's claim . . . (and) (t)he third-party defendant shall have the rights of a party adverse to the other parties in the action, including the right to counter-claim, cross-claim and appeal"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK



Footnotes

Footnote 1:Another endorsement excludes coverage for "construction management errors and omissions."

Footnote 2:We note that the record reflects that in June 2013, when the policy was already in effect but before the underlying accident had occurred, Ducey, on behalf of Cavan, contacted plaintiff to request that the policy be amended to provide coverage for construction management operations. In response, plaintiff said that it would not remove the endorsements excluding coverage for construction management operations but would be willing to consider providing coverage for projects on which Cavan "collect[s] a fee as a construction manager" on a project-by-project basis, in exchange for payment of an additional premium at a higher rate. Cavan did not seek such additional coverage.